B. L. HEARN, plaintiff in error, *vs.* S. A. SMITH, defendant in error.

That a justice of the peace, in the state of Alabama, was one of the attesting witnesses to a deed executed in that state, and indorsed thereon a certificate to the effect that it was voluntarily executed, is not sufficient to admit it to record in this state.

Deeds. Registry. Before Judge HANSELL. Thomas Superior Court. April Adjourned Term, 1876.

Reported in the decision.

H. J. & A. T. McINTYRE; GURLEY & TOWNSEND, for plaintiff in error.

No appearance for defendant.

WARNER, Chief Justice.

This was an action of ejectment brought by the plaintiff

against the defendant, to recover the possession of a tract of land in the county of Thomas.  On the trial of the case the jury returned a verdict in favor of the plaintiff for the premises in dispute.  The defendant made a motion for a new trial, which was overruled by the court, and the defendant excepted.

The only ground of error insisted on here, was the admission of the deed from Ward to Hill, when offered in evidence by the plaintiff over the defendant's objection.  It appears from the evidence in the record, that on the 8th of March, 1856, Ward executed a deed to Hill for the land in dispute, in Chambers county, state of Alabama, which purported on the face thereof to have been "signed, sealed and delivered, in presence of J. R. Phillips, Peter M. Rowland, J. P." On which deed were the following indorsements, to-wit:

" STATE OF ALABAMA—Chambers county.

I, Peter M. Rowland, an acting justice of the peace in and for the above county, hereby certify that Richard M. Ward, whose name is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day, that being informed of the contents of the conveyance, he executed the same voluntarily on the day the same bears date, this 8th day of March, 1856.

"PETER M. ROWLAND, Justice of the Peace."

" STATE OF ALABAMA—Chambers county.

"I, Samuel Pearson, judge of probate for said county, hereby certify that Peter M. Rowland, whose genuine signature appears to the above certificate, is, and was on the date of the same, an acting justice of the peace for said county, duly commissioned and qualified according to law, and I further certify that I am *ex officio* clerk of the court of probate, and keeper of the records of said county.

" In testimony whereof I have hereunto set my hand and seal of office, at LaFayette, this 10th day of March, A. D. 1856.          SAMUEL PEARSON, Judge of Probate."

SUPREME COURT OF GEORGIA.

" Georgia—Thomas county—clerk's office, superior court, July 18, 1859.

" This deed is recorded in record of deeds H, on folios 578 and 579.                    Lebins Dekle, D. Clerk."

The question is, whether the execution of the deed was sufficiently proven to have been admitted to record, and thereby made admissible in evidence under the laws of this state at the time it was recorded in 1859. In our judgment it was not. The deed was executed in the state of Alabama. To have authorized the deed to have been recorded and admitted in evidence, its execution should have been proved before a judical officer of this state, Cobb's Dig., 181. This deed constituted a necessary link in the plaintiff's chain of title to enable him to recover the possession of the land from the defendant, who could rely on his possession alone, until the plaintiff showed title to the land in himself which would enable him to recover it. The admission of the deed from Ward to Hill in evidence was error.

Let the judgment of the court below be reversed.